UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWIN SANTANA ARCIAGA,

            Petitioner,

v.

NATHALIE R. ASHER, et al.,

           Respondents.

CASE NO. C14-1659-JLR-MAT

REPORT AND RECOMMENDATION

INTRODUCTION

Petitioner, proceeding through counsel, filed a habeas petition pursuant to 28 U.S.C. § 2241 and a motion for preliminary injunction, challenging the lawfulness of his detention by U.S. Immigration and Customs Enforcement ("ICE") and seeking either release from detention or a bond hearing. (Dkts. 1 & 2.) Respondents have filed a motion to dismiss, arguing that the habeas petition should be denied because petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) and has already received an individualized bond redetermination hearing before an Immigration Judge ("IJ"). (Dkt. 11.) Petitioner did not file a response.

For the reasons discussed below, the Court recommends that respondents' motion to dismiss (Dkt. 11) be GRANTED, petitioner's habeas petition (Dkt. 1) and motion for preliminary

REPORT AND RECOMMENDATION
PAGE - 1

injunction (Dkt. 2) be DENIED, and this action be DISMISSED with prejudice.

## BACKGROUND

Petitioner, a native and citizen of El Salvador, entered the United States in 2005 at an unknown location without inspection. (Dkt. 12-1 at 3.) In January 2011, he was convicted in King County District Court for Driving Under the Influence ("DUI"). (*Id.* at 4.) He was convicted again for DUI on February 11, 2014. (*Id.*) While in jail, he came to the attention of ICE officials, who issued a warrant for his arrest. (*Id.* at 2-3; Dkt. 12-4.) On February 12, 2014, he was transferred to ICE custody and served with a Notice to Appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present without being admitted or paroled, or who arrived in the United States at a time or place other than as designated by the Attorney General. (Dkt. 2-1 at 3; *see also* Dkts. 12-3 & 12-5.) Also at that time, ICE made the initial custody decision to hold petitioner without bond. (Dkts. 12-3 & 12-6.)

Petitioner requested a bond redetermination hearing before an IJ, and received such a hearing on March 5, 2014. (Dkts. 12-6 & 12-7.) The IJ denied bond, finding that petitioner presents a danger to the community and a flight risk. (Dkt. 12-7.)

On July 28, 2014, an IJ denied petitioner's applications for asylum, withholding of removal, and deferral of removal, and ordered him removed based on the charges contained in the Notice to Appear. (Dkt. 12-8.) Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), and his appeal remains pending. (Dkt. 12-9.)

## DISCUSSION

Title 8 U.S.C. § 1226 provides the framework for the arrest, detention, and release of aliens, such as petitioner, who are in removal proceedings. 8 U.S.C. § 1226; *see also Demore v. Kim*, 538 U.S. 510, 530 (2003) ("Detention during removal proceedings is a constitutionally

REPORT AND RECOMMENDATION
PAGE - 2

permissible part of that process."). Section 1226(a) grants the Attorney General discretionary authority to determine whether an alien should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in § 1226(c), for whom detention is mandatory. 8 U.S.C. § 1226.

When an alien is arrested and taken into immigration custody pursuant to § 1226(a), ICE makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. § 236.1. After the initial custody determination, the alien may request a bond redetermination by an IJ. *Id.* If the IJ denies bond, the alien may appeal to the BIA. 8 C.F.R. § 236.1. Once an IJ has made an initial bond redetermination, an alien's request for a subsequent bond redetermination must be made in writing and must show that the alien's circumstances have changed materially since the prior bond redetermination. 8 C.F.R. § 1003.19(e).

At the bond hearing, the burden is on the detainee to show to the satisfaction of the IJ that he warrants release on bond. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). In making a bond decision under § 1226(a), an IJ "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) (citing *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976)). An IJ may also consider any number of discretionary factors, including: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such

REPORT AND RECOMMENDATION
PAGE - 3

activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States. *Id.*

Petitioner asserts that his detention is governed by § 1226(c) (*see* Dkt. 1), but there is no evidence that he committed any offense that triggers mandatory detention pursuant to § 1226(c). *See* 8 U.S.C. § 1226(c)(1). Rather, as respondents argue, petitioner's continued detention is authorized by § 1226(a) because his removal proceedings are ongoing.

Moreover, petitioner fails to establish any due process violation that would mandate his release or a second bond hearing. He requested and was provided with a bond redetermination hearing at which the IJ found that he presented a danger to the community or a flight risk. Although the Court may review an IJ's bond determination for constitutional and legal error, petitioner presents nothing more than a challenge to the IJ's discretionary judgment, which the Court does not have jurisdiction to review. *See* 8 U.S.C. § 1226(e); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("alien may appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not subject to judicial review, *see* § 1226(e)"). Furthermore, petitioner did not exercise his right to appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 1003.38, or request another bond redetermination hearing, *see* 8 C.F.R. § 1003.19(e). Thus, petitioner's current detention does not violate procedural due process requirements.

## CONCLUSION

For the foregoing reasons, the Court recommends that respondents' motion to dismiss (Dkt. 11) be GRANTED, petitioner's habeas petition (Dkt. 1) and motion for preliminary injunction (Dkt. 2) be DENIED, and this action be DISMISSED prejudice. A proposed order

REPORT AND RECOMMENDATION
PAGE - 4

accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 23, 2015**.

DATED this 7th day of January, 2015.

Mary Alice Theiler
Chief United States Magistrate Judge